IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDREW CHRISTOPHER
OLEJER, et. al.,

    Plaintiffs,

v.                                                     CIVIL ACTION NO. 3:08-CV-65
                                                           (Chief Judge Bailey)

NVR INC., d/b/a/ RYAN HOMES,

    Defendant.

**MEMORANDUM, OPINION, and ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT PLAINTIFFS' FED. R. CIV. P. 26(a)(2)(A)(B) EXPERT WITNESS DISCLOSURE WITHOUT REPORT OF EXPERT**

On December 19, 2008, came the above named Plaintiffs, by Christopher J. Prezioso, via telephone, and the above named Defendant, by Alden J. Eldredge, via telephone, for Plaintiffs' Motion for Leave to Submit Plaintiffs' Fed. R. Civ. P. 26(a)(2)(A)(B) Expert Witness Disclosure Without Report of Expert. Testimony was not taken, and no other evidence was introduced.

I. Introduction

A.     Background.

Plaintiffs filed their Complaint in the Circuit Court of Jefferson County, West Virginia on February 8, 2008. Plaintiffs alleged breach of contract, fraud/misrepresentation, negligence and unjust enrichment. The case was removed to this Court on March 26, 2008. The parties engaged in discovery and a dispute arose. Plaintiffs filed their Motion for Leave to Submit Plaintiffs' Fed. R. Civ. P. 26(a)(2)(A)(B) Expert Witness Disclosure Without Report of Expert on November 18, 2008. Defendant filed its Response on November 26, 2008. This Court set an evidentiary hearing and argument for December 19, 2008.

B. The Motion.

Plaintiffs' Motion for Leave to Submit Plaintiffs' Fed. R. Civ. P. 26(a)(2)(A)(B) Expert Witness Disclosure Without Report of Expert.[1]

C. Decision.

Plaintiffs' Motion for Leave to Submit Plaintiffs' Fed. R. Civ. P. 26(a)(2)(A)(B) Expert Witness Disclosure Without Report of Expert is **GRANTED** because the Defendant has not yet been unduly prejudiced by Plaintiffs' failure to produce their expert's report.

## II. Facts[2]

1. The initial Scheduling Order was entered by Chief Judge Bailey on May 20, 2008.

2. Plaintiffs' Fed. R. Civ. P. 26(a)(2)(A)(B) Expert Witness Disclosure was to be made by December 2, 2008.

3. Plaintiffs served their first set of interrogatories and request for production of documents on Defendant on August 18, 2008.

4. Plaintiffs received approximately 800 documents from Defendant on October 15, 2008.

5. Plaintiffs made these documents available to their expert, Victor, D. Dozzi, P.E. for review.

6. Mr. Dozzi was unable to complete a report with the documents he had been given.

7. Mr. Dozzi needs the geotechnical plans and the site development plans.

8. On November 17, 2008, Defendant informed Plaintiffs that the last two boxes of requested documents would be available for review that week at the Frederick, MD offices of

---

[1] Docket No. 18

[2] Because no testimony or other evidence was introduced at the hearing, some of the "facts" listed are not actually facts, but rather conclusions by the Court based upon the representations of counsel in their briefs and at oral argument.

Miles & Stockbridge.

9. Plaintiffs have not yet reviewed these documents.

### III. Plaintiffs' Motion for Leave to Submit Plaintiffs' Fed. R. Civ. P. 26(a)(2)(A)(B) Expert Witness Disclosure Without Report of Expert

A. Contentions of the Parties

Plaintiffs contends that their expert, Mr. Dozzi, is unable to complete his report without the geotechnical plans and the site development plans for the property at issue. Plaintiffs contend that they need time to review the documents located in Frederick, MD. Plaintiffs' counsel agreed to travel to Maryland to review the documents. Although the documents were made available to Plaintiffs on or about November 17, 2008, Plaintiffs' counsel contends that his court schedule did not allow him to travel to Frederick, Maryland to review the requested documents in time to file Plaintiffs' Rule 26(a) expert disclosures by the deadline imposed by the Court.

Defendant maintains that Plaintiffs failed to confer with opposing counsel prior to filing their motion; that Defendant, NVR, has produced all responsive documents in its possession; and that Plaintiffs have failed to direct any discovery to the project developer and its engineers for relevant documents presumably in their possession. Defendant contends that the specific documents sought by the Plaintiffs are not among the documents provided by Defendant at the Frederick, MD offices of Miles & Stockbridge.

B. Discussion

The Federal Rules of Civil Procedure provide that "a party must disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Subsection (B) provides in relevant part:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report -  prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them; the data or other information considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  Subsection (C) requires parties to disclose the information "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(C).  Finally, under Rule 37(c)(1), "If a party fails to provide the information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

This Court holds that Rule 37(c)(1) does not require witness preclusion for untimely disclosure if there is a substantial justification or if missing the deadline is harmless.  See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995). Indeed, one of the primary purposes of the expert reporting requirements is to prevent prejudice created by last minute surprises.  As a result, "[t]he focus of a preclusion inquiry is mainly upon surprise and prejudice."  Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992).  The district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless.  Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996).

Here, the Plaintiffs have failed to disclose an expert report by the December 2, 2008

deadline.  Clearly, Plaintiffs have failed to fully comply with the Federal Rules for expert disclosures.  However, given the fact that the trial date in this action is scheduled for May 12, 2009, this Court finds that the defendant has not yet been unduly prejudiced by Plaintiffs' non-disclosure.  Under these facts, this Court follows the rationale that "whether a late disclosure is prejudicial depends on whether the expert testimony was unexpected and left the other party without adequate opportunity to prepare for it."  Michelone v. Desmarais, 25 Fed. Appx. 155, 158 (2002)(unpublished opinion).

For the foregoing reasons, Plaintiffs' Motion for Leave to Submit Plaintiffs' Fed. R. Civ. P. 26(a)(2)(A)(B) Expert Witness Disclosure Without Report of Expert is hereby **GRANTED**.  Plaintiffs shall have thirty (30) days from the date of this Order to supplement Plainitffs' previously submitted Expert Witness Disclosure with a full 26(a)(2)(A)(B) report and opinion.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court the written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 22, 2008

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE